[Civ. No. 7112. First Appellate District, Division Two.—December 23, 1929.]

BOYCE R. FITZGERALD, Trustee in Bankruptcy, etc., Respondent, v. J. C. WALSER, Sheriff, etc., Appellant.

720

Rowen Irwin, Rollin Laird and E. A. Klein for Appellant.

Siemon & Garber for Respondent.

BURROUGHS, J., *pro tem.*—This is an appeal by the defendant from a judgment in favor of the plaintiff in the sum of $469.17.

The plaintiff is the trustee of the bankrupt estate of one Sam Brice. The defendant is the sheriff of the county of Kern.

On September 8, 1926, in an action wherein the Bakersfield Market, Inc., was the plaintiff and one Sam Brice was the defendant, said sheriff attached the French Cafe in Bakersfield belonging to said Brice. At the instance of the plaintiff in said action, one Andrews was placed in charge of said cafe as a keeper and continued to operate the restaurant business under the direction of the attaching creditor. The sheriff failed to take any inventory of the property attached as aforesaid, and so far as the record discloses, took no further interest in the property. It appears from the evidence of a deputy sheriff that the Bakersfield Market, Inc., entered into an agreement with the sheriff to indemnify him for any loss which he might incur by reason of his allowing the receiver to continue the business of the French Cafe. On September 18, 1926, said Brice was adjudicated a voluntary bankrupt by the District Court of the United States for the Southern District of California, Northern Division. On October 2, 1926, the plaintiff in the

case at bar was appointed and duly qualified as the trustee of the estate of said bankrupt and on the same day took possession of the French Cafe and made an inventory of the property. He was informed by Andrews, the keeper, that all of the stock on hand at the time of the attachment by the sheriff had been purchased from the sheriff by the Bakersfield Market, Inc., and had all been consumed in conducting the business and the stock then on hand was new. The trustee made a full inventory of the fixtures, dishes and other articles belonging to the estate of the bankrupt, and located in said cafe, and these were afterward sold by the trustee to the Bakersfield Market, Inc., for the sum of $3,000. The trustee also received from the sheriff $452.10, the amount he claimed was received by him from the sale of the stock on hand at the time of the attachment, which sum included the cash on hand at the date of the attachment. The trustee alleged in his complaint in this action that when the sheriff attached the property there was cash on hand amounting to the sum of $684 and there was also attached a stock of groceries, vegetables and supplies of a similar character of a reasonable value of $2,000.

The court found, and there is ample evidence to support the finding, that when the attachment wes levied there was cash on hand amounting to the sum of $168.20, a stock of groceries, etc., of a nonperishable character of the value of $527.07, and a stock of perishable supplies of the value of $200, their total value amounting to the sum of $895.27. It is further found that the sheriff paid to the plaintiff the sum of $425.10, leaving a balance due plaintiff of $470.17. The judgment entered amounts to one dollar less than was found to be due the plaintiff.

Appellant contends that the action being one for the conversion of personal property, it was the duty of the respondent to have demanded of the sheriff a return of the goods before commencing this action. The goods having been consumed before the commencement of the action, a demand for them would have been futile and therefore unnecessary. (*Mier* v. *Southern California Ice Co.*, 56 Cal. App. 512 [206 Pac. 83].)

It is also claimed that the sheriff was in possession of an equivalent quantity of goods of like character which he could have turned over to the trustee had a demand been

made. We are of the opinion that this claim is answered by the fact that under the evidence of his own deputy, the goods on hand at the time of the attachment had been sold by him. The proceeds thereof were included in the $425.10 paid to the trustee. It is also claimed that the business of the French Cafe was conducted with the consent of Brice, the owner, and the Bakersfield Market, Inc., the attaching creditor. We do not find in the record any consent or acquiescence by Brice, the owner. On the contrary, the sheriff took possession of the property by virtue of the writ of attachment and it does not appear that Brice was ever consulted or had anything further to do with the cafe after the attachment.

 It is further claimed that in the sale of the fixtures made by the trustee there was included all of the property which is the subject matter of this litigation. This contention is based upon the recitals contained in the order of confirmation where it is said that the sale included all the right, title and interest in and to all the personal property situated and located in said restaurant whether described in the inventory or not. At the time the sale was made, and at the time it was confirmed and the bill of sale executed, all of the property sued for in this action had been disposed of by the sheriff and none of it "was situated or located in said restaurant."

This disposes of all the objections presented by the appellant. The judgment is affirmed.

Koford, P. J., and Nourse, J., concurred.